UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLORIA FUNTANILLA, | CASE NO. C09-1226JLR |
| Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| v. | |
| SWEDISH HOSPITAL HEALTH SERVICES, et al., | |
| Defendants. | |

This matter comes before the court on Defendant SEIU Local 1199's ("SEIU") motion for summary judgment (Dkt. # 48).  Having considered the submissions of the parties, the balance of the record, and the relevant law, and no party having requested oral argument, the court GRANTS SEIU's motion for summary judgment.

Because the parties are familiar with the factual and procedural background of the case, the court does not repeat it here.  On January 10, 2011, the court granted Defendant Swedish Hospital Health Services' ("Swedish") motion for summary judgment.  (January

ORDER- 1

10, 2011 Order (Dkt. # 46).)  The court held that Plaintiff Gloria Funtanilla, who is proceeding pro se in this action, is judicially estopped from asserting her claims against Swedish because she failed to disclose this lawsuit and her claims against Swedish in her bankruptcy petition.  (*Id.* at 8-10.)  SEIU now moves for summary judgment on the ground that Ms. Funtanilla is also judicially estopped from asserting her claims against SEIU because she did not disclose those claims in her bankruptcy petition.  (Mot. at 3-4.)  In her response, Ms. Funtanilla does not address SEIU's contention that she is judicially estopped from asserting her claims; rather, she advocates the merits of her claims against SEIU.  (Resp. (Dkt. # 50).)

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."  *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).  In the bankruptcy context, "a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."  *Id.* at 783.  Judicial estoppel is appropriate "when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset."  *Id.* at 784.

Here, it is undisputed that Ms. Funtanilla had knowledge of her claims against SEIU during the pendency of the bankruptcy; that she did not disclose the instant lawsuit or her claims against SEIU in the bankruptcy petition; and that she was represented by

1 counsel when she and her husband completed the bankruptcy petition. (West Decl. (Dkt.

2 # 37) Ex. A; *see* January 10, 2011 Order at 3-4.) Further, it is undisputed that the

3 bankruptcy court granted Ms. Funtanilla and her husband a discharge based on the

4 bankruptcy petition. (West Decl. Ex. B.) Because Ms. Funtanilla failed to disclose her

5 claims against SEIU in the bankruptcy petition, judicial estoppel bars her from pursuing

6 those claims in this court. *Hamilton*, 270 F.3d at 783. Therefore, the court GRANTS

7 SEIU's motion for summary judgment (Dkt. # 48).

8 Dated this 27th day of March, 2011.

JAMES L. ROBART
United States District Judge

ORDER- 3